**KATAFERU ELISARA, Plaintiff,**

**v.**

**SAUA TOGIOLA, and TUA TOGIOLA, Defendants.**

High Court of American Samoa
Trial Division

CA No. 157-94

May 28, 1997

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Barry I. Rose
For Defendant Tua Togiola, *Pro Se*

DECISION AND ORDER

## Facts

On September 2, 1992, plaintiff, a police officer, while on routine patrol in the Western District on a police motorcycle unit, received a dispatch to respond to a complaint about an escalating land dispute in the vicinity

of Malaeloa village. As he traveled inland on the Malaeloa road with his emergency equipment operating, he noticed a vehicle coming from the opposite direction and heading directly toward him. As he attempted evasive action by pulling to the side of the road, the oncoming vehicle suddenly cut in front of his path, crossing the median, in an apparent effort to turn off the highway. A collision resulted and plaintiff was thrown from his motorcycle. He was rendered unconscious and suffered various injuries.

The other vehicle was driven by defendant Saua Togiola, a minor at the time who did not have a driver's license to operate a vehicle. The vehicle was co-owned by his mother, the defendant Tua Togiola, who had sent the minor out in the vehicle on some errand to her daughter's home.

Plaintiff was admitted to the LBJ Tropical Medical Center for a period of five days. He was initially treated for contusions on the neck and both shoulders but continued to complain thereafter of pain in the neck area and limitation of head movement. The hospital then sent him off-island, to Honolulu, for further evaluation of potential head injuries. The off-island medical examination ruled out cerebral or spinal injury, but found that plaintiff's neck and shoulder muscles had become very spastic. The course of treatment prescribed for plaintiff was physiotherapy, muscle relaxants and pain medication.

Dr. Vaiula Tuato`o, the Chief of Surgery at the local hospital, recently examined plaintiff. He additionally suspects nerve damage to plaintiff's trapezius muscle resulting in his tendency to hold his head slightly to one side. Prognosis is not clear although Dr. Tuato`o is optimistic that continuing exercise of the injured muscles is plaintiff's best course for physical recovery. Although plaintiff continues to date to experience pain and muscle deterioration some four years after the collision, we believe that with a more concerted effort toward exercise, plaintiff, a relatively young adult, would likely improve his present disability.

Finally, the evidence also revealed that while plaintiff's injuries have required him to do less physically strenuous work, this has not diminished his earning capacity. Indeed, after being absent from work for a period of six months while recovering, his change in employment from traffic patrol with Department of Public Safety to white collar criminal investigatory work for the Attorney General's office, has resulted in better pay benefits.

### Conclusions

We conclude on the facts that defendant Saua Togiola was negligent in the operation of his vehicle, which he had no business driving in the

first place.[1] We also conclude that defendant Tua Togiola was negligent in her unlawful entrustment of the vehicle[2] to her unlicensed and inexperienced son.[3] We further conclude that the injuries suffered by plaintiff were proximately caused by the negligence of both defendants.

Taking into account plaintiff's injuries, his prognosis, economic future, and duty to mitigate his damages, we fix his damages as follows: $4,500 for lost earnings; and, general damages in the amount of $20,500, a total of $25,000.

Judgment will enter accordingly in favor of plaintiff against the defendants jointly and severally in the sum of $25,000.

It is so Ordered.

---

[1] *See* A.S.C.A. § 22.0201, proscribing the operation of a motor vehicle in American Samoa without a valid driver's license.

[2] *See* A.S.C.A. § 22.0222, prohibiting the entrustment of a vehicle to an unlicensed minor.

[3] The minor's inexperience as a driver was very evident with his violation of A.S.C.A. § 22.0313, which required him to yield the right of way to the oncoming plaintiff before attempting his left turn off the highway.